Good morning. Ready? I'm ready. Good morning, your honor. My name is... You have a very interesting case. Thank you. My name is Lisa Rodriguez, and I represent Azzil Granite Materials. The question before the court today is whether the district court erred in granting summary judgment to the defendants on the grounds that plaintiff's state law breach of contract claims are preempted by the Carmack Amendment when it extended its reach to cover Azzil's post-delivery state law breach of contract claims unrelated to the stone that was delivered. And that becomes crucial because the notice would be late if everything was covered by the Carmack Amendment. If everything was related to the Carmack Amendment, yes. And we're not contesting that the notice would have been... It was out of time. So there are no Carmack claims presently before the court. The issue was, or the issue before this court is, whether or not plaintiff's state law claims, state law breach of contract claims, are outside the reach of Carmack preemption. Let me ask you this. I mean, it's just the two of us here, so make this a conversation. But I mean, you would agree that a single act of negligence can be chopped up into different consequences. I mean, there can be many, many causes, many claims that arise from a single act of negligence, correct? Absolutely, Your Honor. But I think when you're talking about preemption, express preemption, when we have here, you have to regulate interstate commerce, and Congress enacted Carmack. But when there is express preemption, like here, you have to look at the actual terms of the clause at issue. So, and here, the express terms of Carmack provide that the liability opposed is for the actual loss or injury to the property. That's your argument, and it's not a weak argument. The question is whether there are other competing circumstances that overcome it. Let me try this. Can't you always, whenever you have an act of negligence and a disaster, can't you always plead all kinds of things other than the damage to the actual cargo? I mean, you can have a rail problem with a rail car, and if you were to plead all sorts of damages resulting from it, but you left out the claim for damage to the property, to the goods, then according to you, you would basically evade the Carmack Amendment. No, Your Honor, that's not our argument. In this case, there is a private contract that incorporates Carmack Amendment, the tariff part of it incorporates, but limits it to the property damage to the goods. But in that contract, there were two applicable provisions that are relevant here. The first was that the defendants agreed in that contract to make reasonable best efforts to return the cars within two to four days. That was really important because that contract also had a minimum volume commitment. ESA was required to ship at least 1,500 cars a year, and in order to meet that, or face liquidated damages. They needed the cars. And in order to do that, they needed the cars. So separate and apart from the granite that was on those cars, they needed the car back. But I understood you to be arguing that you had a contractual limitation on the scope of the Carmack Amendment. Not on the Carmack Amendment. This is an exemption because the contract itself relates back to Carmack, but it doesn't expand it beyond, it doesn't expand Carmack. A contract can't, I agree, a contract can't expand the Carmack Amendment, but at the same time, a contract can't contract it. Right. But when it relates to the Carmack provision, when the contract relates to the tariff, when it relates to the Carmack provision, it's saying, look, we have this contract. We're entering into this private agreement in addition to Carmack, and so we're limited on our liability with regard to the goods. But there's nothing in that contract that says, because there's nothing in Carmack that says you can't have a private agreement, and that you can, it's not an insurance policy to escape liability for those specific terms that they entered into freely. I mean, they made the determination. Let's take a hypothetical.  And it spontaneously blows up. So there's damage to the cargo, and there's a failure to deliver it to customers who are waiting for the batteries, and they're going to sue your client. There's damage to the railway car because there's a fire, and there's delay in returning the railway car because you have to fix the railway car and paint it and everything else. And then there's the inability to reuse it for delivery of other things. In such a case, there'll be a single lawsuit brought. Some pieces of it will be covered by the Carmack amendment, and others not, according to you. Well, I think you have to look at the contract, because in your scenario, there's not a separate individual contract where there was a self-imposed undertaking. This isn't a fire on the rail. And that, you get into the express preemption. I mean, that's what Carmack is intended to cover, those unseen circumstances that impact the goods. But here... Then your answer to my hypothetical is that the Carmack amendment would impose a notice requirement and other things that it entails, only with respect to the damage to the goods, but not with respect to the damage to the rail car, the delay in returning the rail car, and all the other things that I was mentioning. I don't believe it would. But I haven't totally researched that issue, Your Honor, but I think that's correct. But I think... From a practical point of view, I mean, you have to bring a lawsuit, you have a judge, you have a jury, you have to... It gets very complicated when you have a single incident, a single disaster, and you have different laws applying to different elements of the damages. But I think the distinction here is that there was an undertaking by the defendants. They knew... Unlike your scenario, where the carrier can't anticipate that it's outside of its control, they knew that it was violative of their contract. And so it's more akin to the court's decision in the Southern Coal Corp case, where the court acknowledged that you have the goods section, but you also have something else, something that's not covered by CARMAC. And if I could just quickly, Your Honor, even under American Rock... We have plenty of time. I mean, there's nobody waiting here. Okay. Even under American Rock salt that's relied on very heavily by the defendants, the court specifically held that CARMAC was the sole remedy for the loss of property. But even in that case, which is their primary support, the court acknowledged that there was a private agreement under 1079, a self-imposed undertaking, and they allowed the plaintiff's complaint for trucking costs that were a result of their efforts to mitigate damages by the defendants' failure to ship the salt. They allowed that claim to go to the jury. And under the rationale of this case, if it's just across the board that if there are... If it enters into interstate commerce, CARMAC preempts everything, that wouldn't be the result, because the court recognized that there was a separate agreement, and under that separate undertaking, they were allowed to at least go to trial on the issue of whether or not the mitigation damages was appropriate. Your complaint alleges that the client suffered significant losses as a result of the railroad's failure to timely deliver their railcar shipments to end users. So that clearly would be subject to the CARMAC amendment, would it not? Yes, that portion of it is. But there are other allegations... This case sort of is my hypothetical. Well, there are... And certainly they could have brought a CARMAC claim had they provided the proper notice, but they didn't, and so... But notwithstanding... Is there any issue of waiver here? Was the late notice asserted? Was late notice asserted? Yeah, by your adversary. As to the CARMAC? Yes. Yes, it was, and that was ruled on by the court. So there wasn't a waiver issue? No, and the court below said that there was untimely CARMAC notice, and so the CARMAC claims were precluded. But those claims were brought, and maybe the complaint isn't the cleanest. You know, it's always easy to go back and say, it should have been pled this way or that way. We've all written complaints that we wish we could have written. But clearly there's... What makes your case sort of interesting is that the rail cars were empty. I mean, there was no goods in them. There was no property, as the CARMAC amendment is speaking, of property in them. That makes the case very unusual. Yes, and outside... And we contend outside... That portion of it is outside the scope of CARMAC preemption. Thank you very much. There's no rebuttal because there's... All arguments... I like this method of arguing. Thank you very much. We will reserve decision.